1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10        WESTERN DIVISION

11   JAMES ALLEN THOMAS,              )
12             Petitioner,            )   Case No. CV 11-7753-ABC(AJW)
13        v.                          )
14                                    )   MEMORANDUM AND ORDER
     WARDEN WILLIAM KNIPP,            )   DISMISSING PETITION
15                                    )
             Respondent.              )
16   _____ )

17
18        This is the second habeas corpus petition petitioner has filed in
     this court challenging his 1997 conviction of second degree murder and
19
     assault with a deadly weapon.[1] [Petition at 2].   Petitioner's first
20
     petition raised two claims for relief: (1) the trial court erroneously
21
     denied petitioner's request to represent himself; and (2) the trial
22
     court erroneously refused to instruct the jury on the lesser included
23
     offense of voluntary manslaughter.   Case No. CV 00-1949-ABC(AIJ). The
24
     petition was denied on the merits on August 22, 2001, and petitioner
25
     did not appeal.   In this second petition, petitioner again challenges
26

27
     _____
     [1] The Court may properly take judicial notice of such "matters of public
28   record."  See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668,
     688 (9th Cir. 2001).

his 1997 conviction, raising claims of prosecutorial misconduct, ineffective assistance of counsel, judicial bias, and police misconduct. [Petition at 5-6].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition meets the requirements permitting a petitioner to file a second or successive petition. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

\\

\\

\\

1    Because petitioner has not obtained leave from the Court of

2 Appeals to file a successive petition, this court lacks jurisdiction

3 to consider it.  Accordingly, the petition is dismissed.

4    **It is so ordered.**

5

6 Dated: <u>October 21, 2011</u>

7

8                                    _____

9                                    Audrey B. Collins
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28